HIGGINBOTHAM, J.
|2The owner-operator of a restaurant appeals a judgment awarding damages to a customer for alleged injuries .she sustained when her finger was caught on the underside of a chair at the restaurant.
BACKGROUND
Alicia Escobar filed suit against Cajun Operating Company (“Cajun”), the owner-operator of a Church’s Fried Chicken restaurant in Thibodaux, Louisiana. Alicia alleged that on October 18, 2014, she injured her right index finger on the underside of a chair at the restaurant, as she sat in the chair while simultaneously moving the chair closer to a table. Alicia’s finger somehow became pinched between the underside of the seat and the chair’s frame, causing a painful laceration of her fingernail that involved the nail bed. Alicia’s mother, Susan Martinez, who was dining at the restaurant with Alicia, informed the restaurant’s employees that they should remove the chair before someone else was injured, and she proceeded to drive Alicia to the emergency room at Thibodaux Regional Medical Center. Alicia’s injured finger was not fractured, and the injury did not require surgery or stitches. She was treated with antibiotics, pain medication, and a tetanus shot. After her finger was bandaged, Alicia was discharged from the emergency room. Six days later, on October 24, 2014, she followed up with an orthopedic physician, Dr. Christopher E. Ce-nac, Jr., but no further treatment was needed as the wound continued to heal. Alicia experienced sensitivity and numbness in her finger for three to four months. Her fingernail eventually fell off and a new one grew in its place. Her new fingernail has a normal appearance, with no permanent disfigurement.
The matter proceeded to a bench trial on February 5, 2016. Alicia and her mother were the only two witnesses to testify. They both recalled that Alicia sat and | «got up twice from the chair without incident as they waited for their food to be prepared. When she sat for the third .time and attempted to pull the chair up to the table to eat, her finger got caught under the seat and was cut. Alicia testified that she did not know what had actually cut her finger, but she believed that the bottom part of the chair somehow separated from the chair’s frame as she moved the chair. Neither Alicia nor her mother observed anything obvious or unusual that indicated a problem with the chair prior to her injury, and neither of them had any evidence to suggest that the problem had ever occurred before. Alicia’s mother testified that she saw that the bottom of the chair was loose when an employee pulled the chair to the back of the restaurant after her daughter was injured. Alicia and her mother stated that they had no evidence that any of the restaurant’s employees knew of a problem with the chair, and neither of them knew how long the problem had existed before Alicia was injured.
At the conclusion of Alicia’s case-in-chief, Cajun moved for an involuntary dismissal, asserting that Alicia had failed to prove that any employees or managers at the restaurant knew or should have known of the problem with the chair. Alicia’s counsel countered that the doctrine of res ipsa loquitur could be applied to find negligence on the part of the restaurant. The trial court denied the motion for involuntary dismissal, and ultimately ruled at the close of all evidence that constructive notice could be satisfied in part by res ipsa loquitur. The trial court signed a judgment in favor of Alicia and against Cajun on February 22, 2016. Alicia was awarded $1,757.66 for past medical expenses and *200 $5,500.00 in general damages. Cajun appeals the trial court’s judgment, asserting four assignments of error: (1) the trial court erred in denying Cajun’s motion for involuntaiy dismissal; (2) the trial court erred in applying the doctrine of res ipsa loquitur, (3) the trial court L erred in assuming an existence of a defect without proof; and (4) the trial court’s general damage award was abusively high for a lacerated finger.
DISCUSSION
Involuntary Dismissal
Cajun maintains that the trial court should have granted its motion for involuntary dismissal since Alicia did not prove that a defect existed prior to the incident and Alicia admitted that she had no proof that the restaurant’s employees had knowledge of the problem with the chair. Because actual or constructive knowledge of a defect is an essential element of Alicia’s claim for damages under La. Civ. Code art. 2317.1, Cajun submits that the trial court erred in denying the motion for involuntary dismissal. Louisiana Code of Civil Procedure article 1672(B)[1] affords the trial court discretion to render or to decline to render any judgment until the close of all evidence. Smith v. Gramercy Ins. Co., 2015-0845 (La.App. 1st Cir. 3/10/16), 189 So.3d 497, 500. The purely discretionary decision of a trial court to deny a motion for involuntary dismissal at the close of a plaintiffs case and then render a decision after hearing all of the evidence presented in the matter, leaves nothing for this court to review on appeal concerning the motion for involuntary dismissal. Id. Accordingly, we find Cajun’s first assignment of error to be without merit.
The Doctrine of Res Ipsa Loquitur
Cajun next asserts that the trial court erred in applying the doctrine of res ipsa loquitur to infer negligence on the part of the restaurant when there was no evidence |Bthat any of the restaurant’s employees knew or should have known of a problem with the chair. In this case, Alicia alleged that she was injured by a defective thing — a chair — owned or possessed by the restaurant operated by Cajun. As such, the general negligence principles found in La. Civ. Code art. 2317.1 are the applicable law[2], providing:
The owner or custodian of a thing is answerable for damage occasioned by its ruin, vice, or defect, only upon a showing that he knew or, in the exercise of reasonable care, should have known of the ruin, vice, or defect which caused the damage, that the damage could have been prevented by the exercise of rea *201 sonable care, and that he failed to exercise such reasonable care. Nothing in this Article shall preclude the court from the application of the doctrine of res ipsa loquitur in an appropriate case. [Emphasis added.]
The concept of constructive knowledge under La. Civ. Code art. 2317.1 imposes a reasonable duty to discover apparent defects in the thing in the defendant’s legal custody. Broussard v. Voorhies, 2006-2306 (La.App. 1st Cir. 9/19/07), 970 So.2d 1038, 1045, writ denied, 2007-2052 (La. 12/14/07), 970 So.2d 535. In order to recover under Article 2317.1, Alicia was required to establish that the chair was in the restaurant’s custody, that the chair contained a defect which presented an unreasonable risk of harm to others, that this defective condition caused the damage, and that the restaurant’s employees knew or should have known of the defect. See Thompson v. Nelon’s Fast Foods, Inc., 42,825 (La.App. 2d Cir. 1/23/08), 974 So.2d 835, 836.
Cajun concedes that it had custody of the chair. For purposes of this analysis, we assume, as did the trial court, that Alicia’s injury was caused by some sort of defective condition on the underside of the chair that was not readily apparent. The |6trial court relied on the uncontradicted testimony of Alicia’s mother who observed that the bottom of the chair was in fact loose after her daughter was injured. The record reasonably supports that finding of fact. Thus, we focus on the element of the restaurant’s knowledge of the defective condition. Alicia concedes that no one, not even the restaurant’s employees, had actual knowledge of a defect in the chair, leaving the issue of whether the restaurant’s employees had constructive knowledge of the defect.
When she sat on the chair the first two times, Alicia herself noted no apparent or obvious defect. It was only when she sat in the chair for the third time, while simultaneously moving the chair closer to a table, that Alicia experienced the problem with the chair. There was no evidence as to how long the defective condition that caused Alicia’s injury existed, so there was nothing to support a finding that those, responsible for the condition of the chair had time to discover the danger and guard the public from injury. The trial court relied o.n the doctrine of res ipsa .loquitur to satisfy the element of constructive notice. Cajun maintains that this was error, and we agree. The trial court erred in applying the doctrine to this case.
Res ipsa loquitur (the thing speaks for itself) is not a substantive legal tenet, but rather an evidentiary doctrine under which a. tort claim may be proved by circumstantial evidence. Broussard, 970 So.2d at 1043. The doctrine permits the inference of negligence from the surrounding circumstances, and assists the plaintiff in presenting a prima facie case of negligence when direct evidence is not available. Cangelosi v. Our Lady of the Lake Regional Medical Center, 564 So.2d 654, 665 (La. 1989) (on rehearing). Generally, the doctrine is applicable.in cases involving only circumstantial evidence, when all of the following three criteria are met; (1) the injury is of the kind which does not ordinarily occur in the absence of negligence; (2) the evidence sufficiently eliminates other more probable causes of the injury, 17such as the conduct of the plaintiff or a third, person; and: (3) the alleged negligence of the defendant must be within the scope of its duty to the plaintiff. Linnear v. CenterPoint Energy Entex/Reliant Energy, 2006-3030 (La. 9/5/07), 966 So.2d 36, 43-44. If reasonable minds cannot conclude that all three criteria are satisfied, then the legal requirements for *202 the use of res ipsa loquitur are not met. Id., 966 So.2d at 44.
In this case, while direct evidence of the restaurant’s constructive knowledge may have been available, no testimony or evidence was introduced regarding the restaurant’s inspection or care of the chairs in the dining area, nor was there evidence of any of the chairs having such loose seats that the restaurant’s employees should have known of a defective condition. Alicia offered only circumstantial evidence from which the restaurant’s negligence might have been inferred. However, using the analysis outlined by our Supreme Court in Linnear, we find that the second criteria for the use of res ipsa loquitur to infer negligence is not met in this case. The facts do not suggest that the negligence of the restaurant, rather than some other factor, is the most plausible explanation for Alicia’s injury. The evidence does not sufficiently eliminate other probable causes of the injury such as the conduct of a third person, e.g., the manufacturer or designer of the chair. The evidence does not specifically eliminate the possibility that Alicia’s injury was the result of a defective design of the chair. The trial court acknowledged such a possibility in its oral reasons:
Whether or not the injury resulted from either a loose screw or a loose bolt holding that seat to the frame, or whether it was a defective condition to where the plastic seat just, itself, flexed too much and would allow the possibility of a hand being pinched. The Court still doesn’t see a big difference. The Court can find, just based upon common sense, and what I just stated, that that could constitute a defective design. [Emphasis added.]
IsBased upon the possibility that Alicia’s injury was caused by a design defect rather than the restaurant’s negligence, we conclude that the doctrine of res ipsa lo-quitur is not applicable in this matter. The trial court erred in applying the doctrine to hold Cajun responsible for Alicia’s injury. There is no evidence that Cajun knew or should have known of the defective condition or any problem with the chair in its possession; therefore, Alicia has failed to establish all of the elements of her negligence claim against Cajun. Accordingly, we reverse and render judgment in favor of Cajun. All remaining assignments of error are rendered moot in light of our reversal.
DECREE
For the outlined reasons, the trial court’s judgment in favor of the plaintiff, Alicia Escobar, is reversed. Judgment is rendered in favor of the defendant, Cajun Operating Company, and the plaintiffs claims are hereby dismissed. All costs of this appeal are assessed against the plaintiff, Alicia Escobar.
REVERSED AND RENDERED.

. Louisiana Code of Civil Procedure article 1672(B) provides, with emphasis added:
In an action tried by the court without a jury, after the plaintiff has completed the presentation of his evidence, any party, without waiving his right to offer evidence in the event the motion is not granted, may move for a dismissal of the action as to him on the ground that upon the facts and law, the plaintiff has shown no right to relief. The court may then determine the facts and render judgment against the plaintiff and in favor of the moving party or may decline to render any judgment until the close of all the evidence.

. Similarly, claims made pursuant to the Louisiana Merchant Liability Statute, La. R.S. 9:2800.6(B), require proof of actual or constructive knowledge on the part of the merchant concerning the hazardous condition on the premises that caused the damage prior to the occurrence. However, because Alicia's claim concerns an injury arising out of an allegedly defective chair, as opposed to a hazardous condition on the restaurant’s premises that caused her to fall, we find that the more appropriate statute governing Alicia's claim is La. Civ. Code art. 2317.1.